UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TRACY LEROY SMITH,

    *Plaintiff,*                       Civil Action No. 17-cv-12698

*vs.*

THOMAS L. TINKLEPAUGH, in
his individual capacity,

    *Defendant.*

_____/

Robert K. Gaecke, Jr. (P55829)    John P. Kobrin, Jr. (P24004)
*Attorney for Plaintiff*          *Co-Counsel for Plaintiff*
715 W. Michigan Ave., Ste. 1    3010 Wildwood Ave Unit 3
Jackson, MI 49201             Jackson, MI 49202
(517) 787-6400 / fax (517) 787-6402    (517) 782-9451 / fax (517) 787-4020
rgaecke2@gmail.com            jpkobrinjr@aol.com
_____/

## COMPLAINT
### *and*
## JURY DEMAND

Plaintiff, by attorneys Robert K. Gaecke, Jr., and John P. Kobrin, Jr., says:

## JURISDICTION AND VENUE

1.    This is a civil action seeking damages against Defendant for committing acts

under color of law and depriving Plaintiff of rights secured by the Constitution

and laws of the United States of America.

-1-

2.      At all relevant times, Defendant Thomas L. Tinklepaugh (086) acted in his capacity as a duly appointed police officer for the City of Jackson, within the City of Jackson, State of Michigan. He is sued in his individual capacity.

3.      At all relevant times, Defendant Tinklepaugh acted within the scope of his employment under color of law, cloaked with authority which was granted to him.

4.      This cause of action arose within the City of Jackson, State of Michigan; Venue is proper pursuant to 28 U.S.C. §1391.

5.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 (federal question), 28 U.S.C. §1343 (civil rights), and 28 U.S.C. §1367 (supplemental jurisdiction over state claims).

6.      Plaintiff Tracy Leroy Smith is a citizen and resident of the State of Michigan and a citizen of the United States.

7.      Defendant Thomas Tinklepaugh acted toward Plaintiff under the color of the statutes, ordinances, customs and usages of the State of Michigan and City of Jackson at all times material to this Complaint.

## COMMON ALLEGATIONS OF FACT

8.      Defendant Tinklepaugh unreasonably and illegally seized, arrested and caused prosecution of Plaintiff Tracy Smith without probable cause, using excessive

and unreasonable force against Plaintiff, making an unreasonable search and seizure of Plaintiff and unreasonably detaining and depriving Plaintiff of his freedom thereby depriving Plaintiff of his rights, privileges and immunities as guaranteed by the Fourth and Fourteenth Amendments and in retaliation for Plaintiff's exercise of his First and Fourteenth Amendment rights.

9.   On August 19, 2015 a person named Robin Robinson called the City of Jackson Police with a neighborhood complaint. Pursuant to the call, Defendant Tinklepaugh proceeded to the area of 156 Rockwell Street, in the City of Jackson, for a "trouble with subjects" report.

10.   Ms. Robinson complained to Defendant Tinklepaugh that a person she described as looking like Plaintiff Tracy Smith was letting his dog defecate in open lots near her home and causing an attraction of mice to her home. Ms. Robinson further described the house in which she believed Plaintiff Tracy Smith resided. Ms. Robinson sought the assistance of the City of Jackson Police to deal with her neighborhood grievance.

11.   Defendant Tinklepaugh concluded his interaction with Ms. Robinson and headed to the first blue house on Williams Street, just around the corner from 156 Rockwell Street in his fully marked police scout SUV.

12.   Defendant Tinklepaugh arrived at 1035 Williams Street, the residence of Tracy

Smith and his wife Michelle Barlond-Smith, and met Michelle Barlond-Smith standing in the driveway to her home.

13.   As Defendant Tinklepaugh began speaking with Michelle Barlond-Smith in her driveway, Plaintiff Tracy Smith came outside from the rear portion of his residence. Plaintiff Tracy Smith took some pictures of Defendant Tinklepaugh speaking with his wife Michelle Barlond-Smith at that point.

14.   Defendant Tinklepaugh was recording his interaction with the Smiths, too; Defendant Tinklepaugh captured audio from his body microphone and video from a dash-cam in his police scout SUV. This is what that audio captured:

| | |
|---|---|
| Tinkelpaugh: | **[19:56:11]** . . . if you refuse its not tolerable for not picking up after your animal. It's not a threat, I'm just telling you what could happen. |
| Tracy Smith: | **[19:56:18]** Down there, every time somebody comes I'm not going to pick up. |
| Tinkelpaugh: | **[19:56:20]** Okay. That's your choice sir. And, go ahead and deal with that. |
| Tracy Smith: | **[19:56:25]** I'm tired of this shit. |
| Tinkelpaugh: | **[19:56:26]** Have I ever met you before? Sir? Have I ever had a conversation with you before? So why the hostility towards me? This is the first time I ever met you and your wife. |
| M. Smith: | **[19:56:37]** Tracy, be nice. |

Tinkelpaugh:       **[19:56:39]** So all I have is the other side of the story and I am trying to get your side of the story, your wife mentioned that there's some narcotic action going on and that you guys are trying to get the drug dealers away. If you would have came to me and told me with that without starting out with "fuck you get off my property" we probably could have had a decent conversation.

Tracy Smith:       **[19:56:52]** Well fuck you.

Tinkelpaugh:       **[19:56:53]** See, and that's where your goin'.

M. Smith:          **[19:56:55]** (unintelligible. . . ) now.

Tinkelpaugh:       **[19:56:57]** Well, anyway . . . how many animals you got tagged?

M. Smith:          **[19:57:00]** We have two.

Tinkelpaugh:       **[19:57:01]** Okay. Perfect. Just so you know you can't have more than two.

M. Smith:          **[19:57:04]** I know.

Tinkelpaugh:       **[19:57:04]** Okay.

Tinkelpaugh:       **[19:57:08]** If I give my card do you want to - -

M. Smith:          **[19:57:09]** - -yes - -

Tinkelpaugh:       **[19:57:09]** call about - -

M. Smith:          **[19:57:10]** - - yes --

Tinkelpaugh:       **[19:57:10]** the houses that are dealing drugs - -

-5-

M. Smith:            **[19:57:12]** - -yes - -

Tinkelpaugh:      **[19:57:12]** wonderful. I'd be happy to address that situation.

Tinkelpaugh:      **[19:57:22]** If you want to talk to me, we'll have that conversation over here. (Tinkelpaugh and SMITH move from driveway to road in front of police scout car)

Tinkelpaugh:      **[19:57:26]** See ya bud. (Stated to shirtless person riding by on a bicycle).

Tinkelpaugh:      **[19:57:27]** Will you stop swearing in front of these . . . and the children please, otherwise your going to be charged with being disorderly.

Tracy Smith:     **[19:57:29]** Fuck you. Fuck you. Fuck you.

M. Smith:            **[19:57:31]** Please.

Tinkelpaugh:      **[19:57:31]** Turn around and put your hands behind your back. (TINKELPAUGH quickly advances toward TRACY SMITH, leaving field of view of police camera).

Tinkelpaugh:      **[19:57:33]** (Shouting) Put your hands behind your back now. (TINKELPAUGH and SMITH in field of view of police camera – Tinklepaugh slams Smith backwards onto hood of scout car at **19:57:36** – struggle ensues taking TINKELPAUGH and SMITH from field of view of police camera; TINKELPAUGH takes Smith to the ground).

15.    Defendant Tinklepaugh tackled Plaintiff Tracy Smith to the street pavement, handcuffed Plaintiff, and jailed him.

16.    Police later transported Plaintiff Tracy Smith to Allegiance Hospital for emergency medical treatment for the injuries inflicted by Defendant Tinklpaugh.

17.    Tracy Smith spent 2 days in jail before being released on conditional bond.

18.    Defendant Tinklepaugh sought issuance of a felony charge of assaulting-resisting-obstructing a police officer be laid against Plaintiff Tracy Smith.

19.    The County Prosecutor filed a criminal complaint against Tracy Smith on August 21, 2015, charging one felony count of assaulting-resisting-obstructing a police officer.

20.    The words Plaintiff spoke to Defendant Tinklepaugh — "fuck you" — amount to constitutionally protected speech.

21.    Attempting to constitutionally justify his actions, Defendant Tinklepaugh initially indicated he arrested Plaintiff Tracy Smith for swearing in front of children.

22.    *Then*, realizing that the Michigan Court of Appeals in 2004 had struck down as unconstitutionally vague Michigan's indecency statute which prohibited swearing in front of children, at the preliminary examination Defendant Tinklepaugh testified (and the prosecutor argued…) he arrested Plaintiff Tracy Smith for being a disorderly person by "causing a contention".

-7-

23.    On November 16, 2015 at the continued preliminary examination on the felony charge, the 12th District Court refused to bind the case over to circuit court, ruling no probable cause for arrest existed.

24.    Following dismissal of the felony charge, the Prosecutor sought appeal as of right to the circuit court.

25.    On appeal as of right, the prosecutor claimed the lower court erred in failing to find probable cause for arrest, arguing probable cause for arrest *could have* existed — not based on the content of Plaintiff Tracy Smith's bad language — but instead based on an alleged interference by Plaintiff Tracy Smith between Defendant Tinklpaugh and Michelle Barlond-Smith when asking questions about the licensing of their dogs ; arguing the City of Jackson had an ordinance prohibiting hindering an investigation, as did the state statute. The prosecutor also argued that probable cause to arrest could have existed in a purported noise level violation under the city ordinances (again not based on the content of Plaintiff's constitutionally protected speech, but its volume. . . .).

26.    On August 24, 2016, the 4th Circuit Court rejected  all of the government's "new" *post hoc* justifications for arrest and affirmed the district court, ruling no probable cause for arrest existed.

27.    The prosecutor then sought leave for discretionary appeal in the Michigan

Court of Appeals.

28. On October 26, 2016 the Michigan Court of Appeals, in Case Number 334751, denied the prosecutor's application for leave to appeal, "for lack of merit in the grounds presented", ruling no probable cause for arrest existed.

29. Five state court judges all agreed that Defendant Tinklepaugh had no probable cause to arrest Plainitff Tracy Smith.

30. The issue of whether Defendant Tinklepaugh had *any* possible factual basis that could constitute probable cause to arrest Plaintiff Tracy Smith was fully and fairly litigated in state court and determined by a valid and final judgment.

31. At all relevant times, Defendant Tinklepaugh was without lawful authority to detain Plaintiff.

## COUNT I — FOURTH AMENDMENT VIOLATION (STOP, SEIZURE, EXCESSIVE FORCE, ARREST)

32. Plaintiff alleges and realleges all the preceding paragraphs as if fully set forth herein with the same force and effect as if fully set forth herein.

33. Plaintiff's Fourth and Fourteenth Amendment rights to be free from unreasonable search and seizure were violated by:

   a.   Defendant Tinklepaugh's initial order to Plaintiff to stop swearing;

   b.   Defendant Tinklepaugh's pursuit of Plaintiff;

-9-

    c.       Defendant Tinklepaugh's seizure of Plaintiff;

    d.      Defendant Tinklepaugh's use of unreasonable and excessive force in detaining Plaintiff;

    e.      Defendant Tinklepaugh's arrest of Plaintiff without probable cause;

    f.       Defendant Tinklepaugh's jailing of Plaintiff; *and*,

    g.      Defendant Tinklepaugh's request to initiate criminal charges against Plaintiff.

34.    A reasonable police officer should have known of these clearly established rights, and therefore Defendant Tinklepaugh is not cloaked with qualified immunity for any of his illegal actions.

35.    By means of his unlawful detention of Plaintiff Tracy Smith, Defendant Tinklepaugh intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Tracy Smith of his right to be free of unreasonable searches and seizures, in violation of the Fourth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

36.    As a direct and proximate result of Defendant Tinklepaugh's unlawful actions, Plaintiff suffered a loss of his liberty, experienced pain and suffering, suffered humiliation, embarrassment, incurred criminal legal defense expenses (trial court and two levels of appeals) and incurred other damages.

THEREFORE, Plaintiff requests this Court enter judgment against Defendant Tinklepaugh in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT II — FIRST AMENDMENT VIOLATION

37. Plaintiff alleges and realleges paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

38. When Plaintiff Tracy Smith stated to Defendant Tinklepaugh "fuck you", he engaged in constitutionally protected speech.

39. While the particular four-letter word being litigated here is perhaps more distasteful than most others of its genre, it is nevertheless often true that one man's vulgarity is another's lyric; and, our law has clearly established this word as constitutionally protected speech.

40. Arresting a citizen for using constitutionally protected speech amounts to an adverse action that would deter a person of ordinary firmness from continuing to engage in that conduct.

41. Defendant Tinklepaugh arrested and sought institution of criminal charges against Plaintiff Tracy Smith in retaliation for his use of constitutionally

protected speech.

42.   There is a causal connection between Plaintiff Tracy Smith's constitutionally protected speech and Defendant Tinklepaugh's adverse action of arrest and institution of felony criminal charges.

43.   Defendant Tinklepaugh's arrest and institution of felony criminal charges against Plaintiff Tracy Smith was motivated at least in part by the Plaintiff's constitutionally protected conduct.

44.   The right to be free from retaliatory arrest after verbally challenging police action was clearly established at the time this incident took place.

45.   By means of his unlawful detention of Plaintiff Tracy Smith, Defendant Tinklepaugh intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Tracy Smith of his right to exercise free speech, in violation of the First and Fourteenth Amendments to the Constitution of the United States and 42 USC § 1983.

46.   As a direct and proximate result of Defendant Tinklepaugh's unlawful actions, Plaintiff suffered a loss of his liberty, experienced pain and suffering, suffered humiliation, embarrassment, incurred criminal legal defense expenses (trial court and two levels of appeals) and incurred other damages.

THEREFORE, Plaintiff requests this Court enter judgment against Defendant Tinklepaugh, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT III— ASSAULT AND BATTERY

47.  Plaintiff alleges and realleges paragraphs 1 through 31 with the same force and effect as if fully set forth herein.

48.  Defendant Tinklepaugh's aforementioned actions constitute and unwelcome, harmful and offensive touching of Plaintiff Tracy Smith's person.

49.  At the time Defendant Tinklepaugh assaulted and battered Plaintiff Tracy Smith, his actions were not undertaken in good faith and without malice; instead, just the opposite: At the time Defendant Tinklepaugh assaulted and battered Plaintiff, his actions were in subjective bad faith and with actual malice.

50.  As a direct and proximate result of defendant Tinklepaugh's actions, Plaintiff Tracy Smith suffered pain and suffering, suffered humiliation, and incurred other damages.

-13-

THEREFORE, Plaintiff requests this Court enter judgment against Defendant Tinklepaugh, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

## COUNT IV — FALSE IMPRISONMENT

51. Plaintiff alleges and realleges paragraphs 1 through 32  with the same force and effect as if fully set forth herein.

52. Defendant Tinklepaugh arrested and jailed Plaintiff Tracy Smith, causing a restraint on Plaintiff's liberty or freedom of movement.

53. At the time Defendant Tinklepaugh arrested and jailed Plaintiff Tracy Smith, he committed an act with the intention of confining Plaintiff.

54. At the time Defendant Tinklepaugh arrested and jailed Plaintiff Tracy Smith, he committed an act that directly resulted in the confinement of Plaintiff.

55. At the time Defendant Tinklepaugh arrested and jailed Plaintiff Tracy Smith, Plaintiff was conscious of his confinement.

56. At the time Defendant Tinklepaugh arrested and jailed Plaintiff Tracy Smith, the imprisonment was false; the confinement occurred without probable cause or other lawful authority to support it.

57.   At the time Defendant Tinklepaugh arrested and jailed Plaintiff Tracy Smith, his actions were not undertaken in good faith and without malice; instead, just the opposite: At the time Defendant Tinklepaugh arrested and jailed Plaintiff, his actions were in subjective bad faith and with actual malice.

58.   As a direct and proximate result of defendant Tinklepaugh's actions, Plaintiff Tracy Smtih suffered a loss of liberty, pain and suffering, suffered humiliation, and incurred other damages.

THEREFORE, Plaintiff requests this Court enter judgment against Defendant Tinklepaugh, in whatever amount is fair, just, and equitable for the injuries and damages, compensatory and punitive, so wrongfully sustained by Plaintiff together with interest, costs, and attorney fees under 42 USC §1988.

* * * **<u>JURY DEMAND</u>** * * *

Plaintiff Tracy Smith requests a jury for all issues so triable in this case.

 /s/ Robert K. Gaecke, Jr
Robert K. Gaecke, Jr. (P55829)
*Attorney for Plaintiff*
715 W. Michigan Ave., Ste. 1
Jackson, MI 49201

-15-

(517) 787-6400 / fax (517) 787-6402
rgaecke2@gmail.com

 /s/ John P. Kobrin, Jr.
John P. Kobrin, Jr. (P24004)
*Co-Counsel for Plaintiff*
3010 Wildwood Ave Unit 3
Jackson, MI 49202
(517) 782-9451 / fax (517) 787-4020
jpkobrinjr@aol.com

Dated: August 17, 2017